IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| HAO WU,<br>    Petitioner,<br><br>  v.<br><br>JAMAL L. JAMISON, *et al*.,<br>    Respondents. | Civil No.: 2:25-cv-06469-JMG |

### ORDER

**AND NOW**, this 1st day of December, 2025, upon consideration of Hao Wu's Petition for Writ of Habeas Corpus (ECF No. 1), the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 5), and Petitioner's Reply Brief in Support of the Petition for Writ of Habeas Corpus (ECF No. 6), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Mr. Wu is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Mr. Wu from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on December 2, 2025;

3. If the Government chooses to pursue re-detention of Mr. Wu pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[1] Mr. Wu continuously resided in the United States for more than two years. *See* Verified Pet. for Habeas Corpus ¶ 18. He arrived on or about August 31, 2023. *Id.* ¶ 15. After being served with a Notice to Appear and charged with removability on September 4, 2023, Mr. Wu timely filed a Form I-589, Application for Asylum. *Id.* ¶¶ 16-17. That application is still pending. *Id.* ¶ 17. ICE arrested Mr. Wu during a routine check-in. *Id.* ¶ 19.

The Government's arguments are familiar. The Government maintains that this Court lacks jurisdiction to intervene in removal proceedings, Mr. Wu failed to exhaust his administrative remedies, Mr. Wu is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and the detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). The Court will not belabor the point: Mr. Wu's mandatory detention without the opportunity for a bail hearing is unlawful.